IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60132
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERRY JACKSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CV-29-S
USDC No. 3:94-CR-8-4
--------------------

October 21, 1999

Before DAVIS, DUHE', and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Perry Jackson, federal prisoner # 10055-042, is appealing

the district court's denial of his 28 U.S.C. § 2255 motion in

which Jackson alleged that he was denied the effective assistance

of counsel at sentencing and on appeal.  Jackson specifically

alleged that counsel should have challenged the Government's

failure to prove that Jackson's drug conspiracy offense involved

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

d-methamphetamine as opposed to l-methamphetamine, which would have resulted in his receiving a substantially lower guideline sentencing range.

We have reviewed the record, and the briefs of the parties and affirm the district court's denial of Jackson's § 2255 motion.  Jackson's argument that the case should be remanded to allow him the opportunity to present evidence as to the type of methamphetamine involved in the offense as was done in <u>United States v. Acklen</u>, 47 F.3d 739 (5th Cir. 1995) is misplaced.  In <u>Acklen</u>, the court determined that Acklen's conclusional allegations that the offense involved l-methamphetamine were insufficient to show prejudice.  However, in the particular context of Acklen's appeal, the court determined that an affirmance would be improper because the district court in addressing the § 2255 motion had proceeded on the baseless assumption that l-methamphetamine had been involved in the offense, there had been no clear challenge in the district court to Acklen's allegations, and Acklen had received no opportunity to remedy the deficiencies in his allegations.  <u>Acklen</u>, 47 F.3d at 744.  Jackson's case is distinguishable from <u>Acklen</u> in that the district court did not assume that the substance involved in his offense was l-methamphetamine.  Therefore, unlike <u>Acklen</u>, Jackson had the opportunity in the district court to present evidence to support his contention.

Jackson has failed to tender "some specific verified basis or evidence" that the drug involved in his offense was l-methamphetamine.  <u>Acklen</u>, 47 F.3d at 742.  Therefore, Jackson has failed to show that he was prejudiced by counsel's failure to raise an objection at sentencing.

Because the denial of the § 2255 motion is affirmed based on Jackson's failure to make any showing that the offense involved l-methamphetamine, it is not necessary to consider his argument that the safety valve provision would be applicable if the case is remanded for resentencing.

AFFIRMED.